IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK L. DAVISON,

       Plaintiff,

v.                                                                  CV 08-870 MCA/CG

ANDERSON, CRENSHAW & ASSOCIATES, LLC,

       Defendant.

## ORDER GRANTING MOTION TO COMPEL POST-JUDGMENT REQUESTS FOR PRODUCTION

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Responses to Post Judgment Request for Production of Documents* ("*Motion*") (Doc. 78) and its accompanying brief (Doc. 78-1). The Court has considered the *Motion*, *Defendant's Response to Plaintiff's Motion to Compel Discovery Responses and Supporting Memorandum* ("*Response*") (Doc. 80), and arguments of the parties at the hearing on August 26, 2010, *Clerk's Minutes* (Doc. 84). Because the discovery sought is relevant to Defendant's financial condition and is reasonably calculated to lead to the discovery of admissible evidence to assist Plaintiff's efforts to collect on its judgment, the Court will GRANT the *Motion*.

### Background

The parties in this case reached a settlement agreement on December 10, 2009. *Clerk's Minutes* (Doc. 57). By April 5, 2010, Defendant did not pay the settlement amount, and Plaintiff moved to enforce the settlement agreement. *Motion to Enforce Settlement Agreement* (Doc. 66). On May 6, 2010, the Honorable M. Christina Armijo, United States

District Judge, entered a *Final Judgment* (Doc. 72) in favor of Plaintiff, ordering Defendant to pay Plaintiff $17, 622.00 plus post-judgment interest as allowed by law and to notify the three major credit bureaus of the corrective entry as provided by the parties' settlement agreement.  By July 13, 2010, Defendant had still failed to satisfy the judgment, and Plaintiff filed the instant *Motion* (Doc. 78) to compel discovery in order to execute the judgment.

Defendant responded on July 28, 2010, essentially arguing that it does not have access to any of the requested documents, and even if it did, it would not be required to produce them.  *Response* (Doc. 80) at 2.  Defendant avers that it has ceased its operations and was foreclosed upon by a secured lender and apparently concludes, therefore, that it does not have to produce the requested discovery.  *Id.*  Defendant further argues that even if it did have any assets, it could not transfer or assign them because, in another case, a court order prohibits such transfer or assignment.  *Id.*  Finally, Defendant asserts that "Plaintiff's discovery must be designed to lead to the discovery of admissible evidence to assist Plaintiff in collecting upon the judgment entered in this case.  Plaintiff's discovery wholly fails."  *Id.*

## Analysis

The Federal Rules of Civil Procedure allow for discovery "[i]n the aid of the judgment."  Fed. R. Civ. P. 69(a)(2).  Rule 26 outlines discovery and provides that it must be "relevant" and "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Here, the requested discovery is relevant and reasonably calculated to lead to the discovery of admissible evidence to aid in Plaintiff's efforts to collect on its judgment.

Request No. 1: Bank Statements Received During 2010

Defendant "objects to the documents requested" because they are "confidential" and Defendant "had a reasonable expectation of privacy" in them. *Response* (Doc. 80) at 2. Defendant goes on to assert that it "does not have access to its former books, records or computers [and] has no ownership or interest (legal or equitable) in said documents requested and does not have custody or control over such documents." *Id.*

The appropriate standard here is not, as Defendant asserts, whether Defendant has a "reasonable expectation of privacy" to the statements. Rather, the standard is whether the documents are relevant and "reasonably calculated to lead to the discovery of admissible evidence" to assist Plaintiff in collecting its judgment. Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 69(a)(2). The Court **FINDS** that the requested bank statements are relevant to Defendant's financial condition and reasonably calculated to lead to the discovery of admissible evidence to assist Plaintiff in collecting its judgment and **ORDERS** that they be produced.

Furthermore, any concerns that Defendant may have about maintaining the confidentiality of portions of the statements may be addressed in a motion to protect the information. For example, Defendant may move for a protective order, an in camera inspection, or for leave to produce the documents under seal.

Request No. 7: Financial Statements for 2008 and 2009

Defendant repeats that it "does not have ownership or interest in said documents and that it does not have custody or control over such documents. . . . Defendant has no documents to produce." *Response* (Doc. 80) at 3. At oral argument on the *Motion*, Defendant asserted that financial statements for 2008 and 2009 do not "pertain to any

assets that [Defendant] currently has in existence that can be used to satisfy the judgment." Sound Recording of Hearing at 1:36:04–13 (Aug. 26, 2010).

The Court **FINDS** that the requested financial statements for 2008 and 2009 are relevant to Defendant's financial condition and reasonably calculated to lead to the discovery of admissible evidence to assist Plaintiff in collecting its judgment and **ORDERS** that they be produced.

Furthermore, any concerns that Defendant may have about maintaining the confidentiality of portions of the statements may be addressed in a motion to protect the information. For example, Defendant may move for a protective order, an in camera inspection, or for leave to produce the documents under seal.

<u>Request No. 8: Federal Tax Returns for 2008 and 2009</u>

Defendant repeats that it "does not have ownership or interest in said documents and that it does not have custody or control over such documents. . . . Defendant has no documents to produce." *Response* (Doc. 80) at 3.

The Court **FINDS** that the requested federal tax returns for 2008 and 2009 are relevant to Defendant's financial condition and reasonably calculated to lead to the discovery of admissible evidence to assist Plaintiff in collecting its judgment and **ORDERS** that they be produced.

Furthermore, any concerns that Defendant may have about maintaining the confidentiality of portions of the returns be addressed in a motion to protect the information. For example, Defendant may move for a protective order, an in camera inspection, or for leave to produce the documents under seal.

<u>Request No. 9: Copies of Accounts Receivable Where any Debtor has Made a Payment to Defendant during 2010</u>

Defendant again asserts that it "does not have custody or control over these documents [and that even if it] had access, it could not disclose this information . . . without violating the FDCPA [Fair Debt Collection Practices Act]." *Id.* at 4; Sound Recording of Hearing at 1:36:27–50 (Aug. 26, 2010).

The Court **FINDS** that the requested copies of the accounts receivable are relevant to Defendant's financial condition and reasonably calculated to lead to the discovery of admissible evidence to assist Plaintiff in collecting its judgment and **ORDERS** that they be produced.

Furthermore, any concerns that Defendant may have about confidentiality, in order to maintain compliance with the FDCPA, may be addressed in a motion to protect the information. For example, Defendant may move for a protective order, an in camera inspection, or for leave to produce the documents under seal.

<u>Request No. 14: Copies of Checks Paid to Modrall, Sperling, Roehl & Sisk P.A., During the Past 12 Months</u>

Defendant responds that "it does not have ownership or interest in [the checks and] has no documents to produce." *Response* (Doc. 80) at 5. Furthermore, Defendant argues that even if it had copies of the checks, they would be "irrelevant and immaterial," *id.* at 6, and would be protected by attorney/client privilege, *id.* at 5. At oral argument, Defendant requested that, if the Court ordered production of the checks, they be limited to those paid for work performed on this case. Sound Recording of Hearing at 1:40:50–55 (Aug. 26, 2010). Lastly, Defendant's counsel from Modrall Sperling advised that his firm does not keep copies of such checks. *Id.* at 1:14:48–58.

The Court **FINDS** that the fact of payment and the amount of payment are not protected by attorney/client privilege. The Court further **FINDS** that checks for work on any and all cases are relevant to Defendant's financial condition and reasonably calculated to lead to the discovery of admissible evidence to assist Plaintiff in collecting its judgment and **ORDERS** that they be produced. Moreover, if Modrall Sperling does not have copies of the checks, it shall obtain them through its bank.

Lastly, any concerns that Defendant may have about maintaining the confidentiality of portions of the checks may be addressed in a motion to protect the information. For example, Defendant may move for a protective order, an in camera inspection, or for leave to produce the documents under seal.

<u>Request No. 15: Copies of Checks Paid to Attorney Steven Dunn During the Past 12 Months</u>

Defendant responds that "it does not have ownership or interest in [the checks and] has no documents to produce." *Response* (Doc. 80) at 5. Furthermore, Defendant argues that even if it had copies of the checks, they would be "irrelevant and immaterial," *id.* at 6, and would be protected by attorney/client privilege, *id.* at 5. The Court **FINDS** that the fact of payment and the amount of payment are not protected by attorney/client privilege. The Court further **FINDS** that checks for work on any and all cases are relevant to Defendant's financial condition and reasonably calculated to lead to the discovery of admissible evidence to assist Plaintiff in collecting its judgment and **ORDERS** that they be produced.

Lastly, any concerns that Defendant may have about maintaining the confidentiality of portions of the checks may be addressed in a motion to protect the information. For

example, Defendant may move for a protective order, an in camera inspection, or for leave to produce the documents under seal.

### Request No. 16:  Copies of Checks Paid to any Plaintiff (or Plaintiff's Counsel) During the Past 18 Months to Settle any Lawsuit Filed Against Defendant

Defendant repeats that "it does not have ownership or interest in" the copies of the checks and that "it does not have custody or control" over them.  *Id.* at 6.  Defendant asserts that copies of such checks are irrelevant and "would violate confidentiality provisions of any settlement agreement."  *Id.*

The Court **FINDS** that the requested copies of checks paid during the past 18 months to settle any lawsuits against Defendant are relevant to Defendant's financial condition and reasonably calculated to lead to the discovery of admissible evidence to assist Plaintiff in collecting its judgment and **ORDERS** that they be produced.

Furthermore, any concerns that Defendant may have about maintaining the confidentiality of the settlements may be addressed by redaction or in a motion to protect the information.  For example, Defendant may move for a protective order, an in camera inspection, or for leave to produce the documents under seal.

### Request No. 20: Copy of the Bond Posted With the State of Texas

Defendant responds that it should not have to produce the bond because Plaintiff "merely would have to obtain this through the Texas Secretary of State's public website."  *Id.* at 7.  Defendant also argues that the bond is irrelevant.  *Id.*

The Court **FINDS** that the bond is relevant to Defendant's financial condition and reasonably calculated to lead to the discovery of admissible evidence to assist Plaintiff in collecting its judgment and **ORDERS** that it be produced.

**IT IS HEREBY ORDERED** that:

1.   All of the requested discovery be produced **not later than Monday, September 27, 2010**.  Considering that this case was settled in December of 2009 and that Defendant has still not paid the settlement amount, 30 days from the date of the hearing to produce the requested information is reasonable, and no extensions of time will be granted.

2.   Defendant provide Plaintiff with documentation, **not later than Friday, September 3, 2010**, confirming that it has notified the three major credit bureaus of the corrective entry as provided by the settlement between the parties and in accordance with District Judge Armijo's *Final Judgment* (Doc. 72) at 3.

**IT IS SO ORDERED.**

_____
**THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE**